**In re the Appeal of Gerald BRINE and Beverly Brine, from the Denial of Their Conditional Use Permit by the Crow Wing County Board of Adjustment.**

No. C6–90–84.

Court of Appeals of Minnesota.

June 26, 1990.

Review Granted Aug. 23, 1990.

Stephen C. Rathke, Crow Wing County Atty., Dennis M. Lothspeich, Asst. Crow Wing County Atty., Brainerd, for Crow Wing County.

Thomas Fitzpatrick, Fitzpatrick, Larson, Fitzpatrick & Nelson, Brainerd, for Gerald Brine and Beverly Brine.

Considered and decided by KALITOWSKI, P.J., and FOLEY and SCHUMACHER, JJ.

## OPINION

SCHUMACHER, Judge.

The Crow Wing County Planning Commission (Planning Commission) denied respondents Gerald and Beverly Brine's application for a conditional use permit to operate a private marina on their lot. On

appeal, the Crow Wing County Board of Adjustment (Board) upheld the Planning Commission's denial of respondents' application. Upon judicial review of the Board's decision, the trial court found the proposed structure is a dock, not a marina, and reversed the Board's decision.

## FACTS

■ Respondents own a tract of land on Whitefish Lake in Crow Wing County with 935 feet of lakeshore. They applied to the Planning Commission for a zoning classification change and a planned unit development (P.U.D.) conditional use permit to develop townhouses on the property. The Planning Commission and the Board approved the final plat of the P.U.D., conditioned on boat mooring limited to a structure containing no more than 11 boat slips.

Respondents excluded the lot which is the subject of this appeal from the plat of the P.U.D. The lot has approximately 150 feet of lakeshore, and is adjacent to the P.U.D. but within the 935 feet of lakeshore owned by respondents. The lot is to remain entirely undeveloped, the sole purpose being for the placement of a structure to provide up to 13 boat slips for the back-lot owners of the townhouse units.

The Crow Wing County Planning and Zoning Office notified respondents that the proposed use of their lot would constitute a private marina under the Crow Wing County Zoning Ordinance (Zoning Ordinance), and they were, therefore, required to obtain a conditional use permit. The Planning Commission and the Board denied respondents' application for the permit.

Respondents brought a declaratory judgment action, arguing the proposed use of their lot constitutes a dock not a marina, and is beyond the authority of the Zoning Ordinance. They also alleged that the Board's denial of the conditional use permit was arbitrary and not supported by the evidence.

The trial court found that the proposed structure constituted a dock and not a marina, and therefore a conditional use permit was not required. In making this finding, the trial court used the definition of a

marina contained in the rules promulgated by the Minnesota Department of Natural Resources (D.N.R.) as follows:

"Marina" means either an inland or offshore structure for concentrated mooring of five or more watercraft wherein facilities are provided for ancillary services such as boat mooring, storage, fueling, launching, mechanical repairs, sanitary pumpout, and restaurant services.

Minn.R. 6115.0170, subp. 20 (1989). The Board appeals arguing the trial court erred in using the D.N.R.'s definition of a marina to interpret the Zoning Ordinance, and even if this definition is applicable, the proposed structure would still constitute a marina.

## ISSUE

Did the trial court err in holding that the proposed land use is not a marina requiring a conditional use permit under the Zoning Ordinance?

## ANALYSIS

■ For all zoning matters, the standard of review is whether the zoning authority's action was reasonable. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 416–17 (Minn.1981). The trial court may overturn the zoning authority's finding only if the decision was unreasonable, arbitrary or capricious. *Id.* The trial court made no finding that the Planning Commission's decision was unreasonable, arbitrary or capricious. It is unclear what scope of review the trial court used.

"The law in Minnesota is clear that administration of zoning ordinances is a governmental not a proprietary function * * *." *Frank's Nursery Sales, Inc. v. City of Roseville*, 295 N.W.2d 604, 607 (Minn.1980). The Minnesota Supreme Court has repeatedly stated:

with respect to the decisions of municipal and other governmental bodies having the duty of making decisions involving judgment and discretion that it is not the province of the court to substitute its judgment for that of the body making such a decision, but merely to determine whether that body was within its jurisdic-

tion, was not mistaken as to the applicable law, and did not act arbitrarily, oppressively, or unreasonably, and to determine whether the evidence could reasonably support or justify the determination. *Village of Edina v. Joseph,* 264 Minn. 84, 93, 119 N.W.2d 809, 815 (1962).

The Zoning Ordinance fails to provide a definition for "marina." Therefore, the term should be given its common and approved usage. Minn.Stat. § 645.08, subd. 1 (1988). The definition contained in Webster's Ninth New Collegiate Dictionary (1989) defines a marina as "a dock or basin providing secure mooring for motorboats and yachts and often offering supply, repair and other facilities."

The Board has the authority to interpret its own zoning ordinances. We cannot say the Board's decision to deny the conditional use permit based on its interpretation of the Zoning Ordinance was unreasonable, arbitrary or capricious.

## DECISION

We hold the action of the Board in denying respondents' application for a conditional use permit was not unreasonable, arbitrary or capricious.

Reversed.