In re the Appeal of Gerald BRINE and Beverly Brine, from the Denial of Their Conditional Use Permit by the Crow Wing County Board of Adjustment.

No. C6–90–84.

Supreme Court of Minnesota.

Aug. 31, 1990.

Thomas Fitzpatrick, Fitzpatrick, Larson, Fitzpatrick & Nelson, Brainerd, for Gerald and Beverly Brine.

Stephen C. Rathke, Crow Wing County Atty., Dennis M. Lothspeich, Asst. Crow Wing County Atty., Brainerd, for respondent.

KEITH, Justice.

The petitioners Gerald and Beverly Brine and the Crow Wing County Board of Adjustment have separately petitioned this court for further review of a decision of the court of appeals reversing the trial court's determination that because a pro-

posed structure did not fall within the purview of a county zoning ordinance, the board was without jurisdiction to consider and deny a conditional use permit to the Brines. We affirm in part and reverse in part and remand for further proceedings.

The underlying facts and procedural history are set forth in detail in the decision of the court of appeals. *In re Appeal of Brine*, 457 N.W.2d 268 (Minn.App.1990). Summarily, as a part of a proposed townhouse development on a tract of land located on and near White Fish Lake in Crow Wing County, the Brines proposed to construct a structure with up to 13 boat slips for backlot owners of the townhouse units. A dispute arose as to whether the structure could be defined as a "marina," governed by the Crow Wing County Zoning Ordinance or a "dock" not requiring intervention by the Planning Commission or the Board of Adjustment. Ultimately, the board concluded that the structure was a "marina" and thereafter denied the sought conditional use permit. In this declaratory judgment action, the trial court determined that the structure failed to possess any of the service or commercial attributes associated with a marina and that the structure was therefore a "dock" by definition, a structure beyond the jurisdictional authority of the county board. In a memorandum attached to its decision, the trial court specifically stated that because it thought the definitional and jurisdictional issue was determinative, "the other issues raised by the appellants no longer need to be discussed." That is, the trial court made no determination with regard to the reasonableness of the denial of the conditional use permit.

On appeal, the court of appeals relied upon a standard and common usage definition of the term "marina," and concluded that the proposed structure would fall within the jurisdictional authority of the board. The appellate court then, after determining that jurisdiction would lie, summarily concluded that the board's decision to deny the conditional use permit based on its interpretation of the zoning ordinance was not unreasonable, arbitrary or capricious.

 In our view, that latter determination by the court of appeals was premature. Both parties agree that the only issue presented to the appellate court for its consideration was the jurisdictional issue. Having reversed the trial court, it was incumbent upon the appellate court to remand the matter to the district court for its determination of the reasonableness of the board's denial. Accordingly, while we affirm that portion of the decision upholding the jurisdiction of the board to consider an application for a conditional use permit with regard to this proposed structure, we reverse that portion of the decision which determines, in the first instance, the propriety of the board's action.

Affirmed in part and reversed in part.